338 P.2d 123

George POPP, Plaintiff and Appellant,

v.

Arie Peter ROTH and Gerarda Roth, his wife, Defendants and Respondents.

No. 8956.

Supreme Court of Utah.

April 24, 1959.

Elliott, 1957, 335 Mass. 576, 141 N.E. 2d 367.

William G. Fowler, Salt Lake City, for appellant.

Lyle M. Ward, Salt Lake City, for respondents.

WADE, Justice.

George Popp, appellant herein, sought a writ of habeas corpus alleging that he was the natural father of Lore Popp, a minor child, and that the respondents Roth were unlawfully restraining her. The respondents' answer denied that appellant was the natural father of Lore Popp and averred that the child was an illegitimate child and was placed with them for adoption with the relinquishment and written consent of its natural mother.

After hearing evidence presented by the parties the court found that appellant was not the natural father of the minor child; that the child was illegitimate and in the custody of respondents pursuant to the consent of the natural mother as required by Sec. 78-30-4, U.C.A.1953, and an order of the court in connection with adoption proceedings. The court further found that appellant was not a proper person to have the custody of the child and that its best interests and welfare required that respondents retain custody.

The undisputed facts are that the child was born to an unwed mother in Peoria, Illinois in June, 1955. The mother went through a marriage ceremony with appellant in July, 1955, and in February, 1957, they made application to have a new birth certificate issued to show that the child was the legitimate issue of appellant and the natural mother. The application, based on affidavits of appellant and the natural mother to the effect that he was the natural father, was granted and a new certificate issued. Appellant is a citizen of Germany. On June 28, 1955, a German court had granted a divorce to appellant's former wife in Germany. A literal interpretation of the language of the divorce

decree is to the effect that it "becomes legally effective as of November 21, 1955."

In September, 1957, the natural mother left appellant, taking the minor child involved herein with her to Salt Lake City, Utah, and by October, 1957, placed it for adoption with respondents. In adoption proceedings held in a District Court in Salt Lake City, Utah, the natural mother testified that the child was illegitimate and that appellant was not its natural father.

It is appellant's contention that the writ should have been granted because Sec. 78–30–4, U.C.A.1953, provides that a "legitimate child cannot be adopted without the consent of the parents, if living * * *" and that the child was legitimated by the proceedings in Illinois when after the marriage of appellant and the natural mother she was acknowledged to be their child and the birth certificate amended to show that she was the child of this couple. In support of this contention appellant cites Chap. 3, Sec. 163, Ill.Rev.Stat., 1953, which provides that "[A]n illegitimate child whose parents intermarry and who is acknowledged by the father as the father's child shall be considered legitimate."

The court having found as facts that the child was not legitimate and that appellant is not its natural father, it is necessary to determine whether from the testimony and documents introduced there was sufficient evidence before the court to overcome the presumption of the validity of appellant's marriage to the natural mother in Illinois, and its legitimation by his acknowledgment of the child as his own after such marriage.

The Supreme Court of Illinois in Miller v. Pennington, 218 Ill. 220, 75 N.E. 919, 1 L.R.A.,N.S., 773, has held under the provisions of a statute similar to the one quoted above that legitimacy is established when three facts are proved. First, parentage; second, that the parents intermarried; and third, that the father acknowledged the child to be his own. Although in the instant case the natural mother testified that appellant is not the father of the child, we are not concerned with the competency of such evidence nor whether it alone would be sufficient to overcome the presumption of the legitimacy of the child if there was a valid marriage entered into in Illinois between appellant and the natural mother before the proceedings to change the birth certificate to show the appellant as being the father of the child. However, there was introduced in evidence the divorce decree obtained in Germany by appellant's first wife, wherein it was certified "that the above decree becomes legally effective as of November 21, 1955," and a letter from the German Consul pertaining to pertinent German law at the time the divorce decree was granted was as follows:

"# 5. Nobody may enter into a marriage before his previous marriage has been nullified or dissolved."

"#20. A marriage is void if one of the spouses was legally married to a third person at the time of the marriage contract."

"# 41. The marriage is divorced by the court decree. The marriage is dissolved when the decree becomes effective."

From such evidence it was reasonable for the court to conclude that appellant's marriage to his first wife was not dissolved and the divorce decree had not become final, and he was still married to his first wife at the time he purportedly married the natural mother in July, 1955. Since a married man cannot enter into a valid marriage with a woman not his wife, it follows that the court did not err in finding that the minor child was illegitimate and that appellant was not its natural father. The court therefore properly dismissed the writ.

Affirmed. Costs to respondents.

CROCKETT, C. J., and HENRIOD and McDONOUGH, JJ., concur.

WORTHEN, J., heard argument but died before opinion was filed.